No. 19,696.

C. M. MILLISACK AND DR. H. H. KEITH, *Appellees,* V. GEORGE KELLY, *Appellant.*

### SYLLABUS BY THE COURT.

PROMISSORY NOTE—*Contract for Payment and Surrender—Construction of Contract.* The following contract does not provide for the surrender of the notes mentioned on signing the contract, but does require their surrender if paid in the manner therein set out:

"We, the undersigned directors of the King Manufacturing Company, hereby authorize the secretary of the said company to turn over to C. M. Millisack and Dr. H. H. Keith the first $1500 received from the sale of the capital stock of the said company in excess of $2000 to be sold first for cash.

"The stock issued on the receipt of the said $1500 is to be trans-ferred from C. M. Millisack and Dr. H. H. Keith to the purchasers in equal proportions as sold.

"In consideration of this transaction the said C. M. Millisack and Dr. H. H. Keith agree to surrender the promissory notes given by the undersigned and aggregating $1000.

"The secretary of the said company is hereby authorized to pay out of the general fund of the company any accruing interest resulting from this agreement and charge same to the stock commission ac-count."

Appeal from Sherman district court; CHARLES W. SMITH, judge. Opinion filed November 6, 1915. Affirmed.

*Charles I. Sparks,* of Goodland, for the appellant.

*E. F. Murphy,* of Goodland, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This is an action to recover on a promissory note. From a judgment for the plaintiffs the defendant ap-peals.

The defendant admits the execution of the note, but claims exemption from payment by reason of the following contract:

"We, the undersigned directors of the King Manufacturing Com-pany, hereby authorize the secretary of the said company to turn over to C. M. Millisack and Dr. H. H. Keith the first $1500 received from the sale of the capital stock of the said company in excess of $2000 to be sold first for cash.

"The stock issued on the receipt of the said $1500 is to be trans-ferred from C. M. Millisack and Dr. H. H. Keith to the purchasers in equal proportions as sold.

"In consideration of this transaction the said C. M. Millisack and Dr. H. H. Keith agree to surrender the promissory notes given by the under-signed and aggregating $1000.

"The secretary of the said company is hereby authorized to pay out of the general fund of the company any accruing interest resulting from this agreement and charge same to the stock commission account."

In the month of October, 1910, The King Manufacturing Company was a corporation doing business at Topeka, and C. M. Millisack and Dr. H. H. Keith, the plaintiffs, and George Kelly, the defendant, with J. O. Boyle, William Seyler and F. L. Speer, were stockholders and directors of the company. At that time the company was indebted to various creditors in the sum of $1500. At a meeting of the board of directors, at which the defendant was present, it was proposed that if

the plaintiffs would furnish the company with $1500 with which to meet the indebtedness, the defendant Kelly, with J. O. Boyle, William Seyler, and F. L. Speer, would each execute and deliver to the plaintiffs their individual notes for $250. The plaintiffs paid the company the $1500, which was used to pay its debts, and the defendant and the other directors each executed to the plaintiffs a note for the amount named. The note executed by the defendant Kelly is the one sued on in this action. It is not claimed that anything was received by the plaintiffs from the sale of capital stock.

The controlling question in this case is, Did the agreement set out provide for the surrender of the note sued on before the plaintiffs had received $1500 from the sale of capital stock? The defendant argues that the words, "In consideration of this transaction, the said C. M. Millisack and Dr. H. H. Keith agree to surrender the promissory notes given by the undersigned and aggregating $1000," provide for the surrender of the note when the contract was signed. It was not surrendered, probably because the parties to the contract did not then understand that it was to be surrendered. No reason is given why it was not surrendered. The transaction mentioned in the sentence quoted evidently means the other things that were to be done under the contract; that when C. M. Millisack and Dr. H. H. Keith had received $1500 from the sale of capital stock, in excess of $2000 to be sold first for cash, the notes signed by the defendant and his associates should be surrendered.

This is the reasonable construction of the contract. This construction gives effect to all the terms of the contract. It provides a method for the payment of the notes, and when thus paid the notes shall be surrendered to the makers thereof without other direct payment by them.

The judgment of the court is affirmed.